# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60521-0-II |
| Respondent, | |
| v. | |
| DAVID ALBERT MERRILL, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J.—David Albert Merrill was convicted of indecent liberties in 1985. The State contends that as a result of this conviction, Merrill was required to register as a sex offender. The registration requirement would ordinarily end 15 years after the conviction that gave rise to the obligation to register, unless during that time an offender commits a disqualifying offense that extends the registration requirement. The State contends that Merrill committed such an offense in Texas in 1999 that extended his registration requirement. In this case, Merrill was convicted of failure to register as a sex offender between 2023 and 2024. Merrill argues on appeal that the trial court erred by finding him guilty of failure to register because (1) there was not sufficient evidence that Merrill was required to register at all and (2) even if Merrill was required to register at one point, he did not need to do so in 2023 or 2024 because the statute extending the registration requirement past 15 years after the date of conviction does not apply to Merrill. The State asserts that the trial court did not err.

For the reasons explained below, we agree with the State. Accordingly, we affirm.

FACTS

Merrill was convicted of indecent liberties in 1985 for an offense he committed in March of 1984. The court sentenced Merrill to the maximum of 10 years, but suspended Merrill's sentence pursuant to RCW 9.92.060.[1] The trial court listed the following requirements for Merrill's suspension:

(1) The Defendant shall be under the charge of a Probation and Parole Officer employed by the Department of Corrections and follow implicitly the instructions of said Department; and the rules and regulations promulgated by said Department for the conduct of the Defendant during the term of his probation hereunder.
(2) The termination date of probation shall be set at 5 (five) years from date of this order.
(3) The Defendant shall not commit any law violations.
(4) The Defendant shall pay all costs and the penalty assessment (RCW 7.68.035) of $50.00 within 6 (six) months from date of release.
(5) The Defendant shall serve a term of 0 [sic] in the King County Jail . . . ;
(6) No unsupervised contact with minors without approval of [parole officer];
(7) The defendant shall report immediately to the King County Jail to await transportation to Western State Hospital;
(8) The defendant shall enter and successfully complete the Sexual Psychopathy program at [Western State Hospital] as soon as space becomes available in that program . . . ;
(9) The defendant shall not exercise his right to release under the statute without the Court's permission;
(10) The defendant shall make satisfactory progress in his treatment as determined by the hospital and directors of the program;
(11) The defendant shall display good behavior for the remainder of his probation;
(12) Absolutely no contact with the victim.

Ex. 10 at 90-91.

In 1999, Merrill pleaded guilty to possession of less than a gram of cocaine in Texas. Merrill was also found guilty of aggravated battery on a household member, intentional child

---

[1] RCW 9.92.060 has been amended several times since Merrill's 1985 conviction. Because these amendments do not affect our analysis, we cite to the current version of the statute. LAWS OF 1987, ch. 202, § 142; LAWS OF 2023, ch. 449, § 7.

abuse, and false imprisonment in 2007 and pleaded guilty to failure to register as a sex offender in 2019.

In the present case, Merrill was charged with failure to register as a sex offender between October of 2023 and February of 2024. The case proceeded to a bench trial. The State was required to prove that (1) Merrill was in custody or under Department of Corrections' jurisdiction on or after July 28, 1991, thus triggering the requirement to register as a sex offender, and that (2) Merrill committed offenses after his indecent liberties conviction that prolonged the period during which he is required to register. RCW 9A.44.140, .148. The State offered and the court admitted into evidence Merrill's judgment and sentence from his indecent liberties conviction showing that he was given a 10-year suspended sentence and five years of probation. Merrill, however, argued that Department of Corrections' jurisdiction over him ended at the conclusion of his five-year term of probation.

As it related to the State's additional burden, pursuant to RCW 9A.44.140, to show that Merrill committed an offense within 15 years after his indecent liberties conviction that prolonged his registration period, the parties disputed whether Merrill's 1999 out-of-state unlawful possession of cocaine conviction met that requirement as a "disqualifying offense."[2] The State argued that the language of the statute defining a "disqualifying offense" as "any offense that is a felony" was clear on its face, and that the Texas conviction is a disqualifying offense because

---

[2] Under RCW 9A.44.140(2), an adult convicted of a class B sex offense is required to register as a sex offender until "fifteen years after the last date of release from confinement, if any, . . . pursuant to the conviction, or entry of the judgment and sentence, if the adult has spent fifteen consecutive years in the community without being convicted of a disqualifying offense during that time period." The definition of a "[d]isqualifying offense" includes "[a]ny offense that is a felony." RCW 9A.44.128(4).

possession of less than a gram of cocaine is a felony in Texas. 2 Verbatim Rep. of Proc. at 138-141. The State posited that Merrill's 2007 and 2019 felony convictions extended his requirement to register until 2034.

Merrill countered that it was unclear if a trial court must analyze whether a comparable felony exists in Washington before determining that an out-of-state conviction is a "felony" within the meaning of the statute, and that under the rule of lenity, the court should construe the statute in Merrill's favor.

The trial court found Merrill guilty of failure to register as a sex offender. It determined that Merrill was under the jurisdiction of Department of Corrections on July 28, 1991, based on his indecent liberties conviction because the original sentencing court could have revoked Merrill's suspended sentence at any point within 10 years after the order suspending his sentence. The trial court also determined that Merrill's Texas conviction was a disqualifying offense and that the rule of lenity did not apply because the definition of the term "disqualifying offense" was unambiguous.

Merrill appeals the judgment and sentence.

ANALYSIS

I. DEPARTMENT OF CORRECTIONS' JURISDICTION

Merrill contends that the trial erred in finding that his 1985 judgment and sentence (J&S) placed him under Department of Corrections' (DOC) jurisdiction on July 28, 1991, because the evidence was insufficient to support such a finding. The State responds that when taken in the light most favorable to it, the evidence is sufficient. Although we disagree with the parties' suggested standard of review, we hold that the trial court correctly interpreted Merrill's J&S.

4

*A. Legal Principles*

Washington requires adults convicted of sex offenses to register as sex offenders, either indefinitely or for a limited period of time, depending on the type of sex offense committed. RCW 9A.44.130, .140. Any offender who was "in the custody or under the jurisdiction of the department of corrections" after July 28, 1991, based on a sex offense must register. RCW 9A.44.148(1)(c). For those convicted of class B felonies, this requirement lasts for 15 years if they have spent those 15 consecutive years "in the community without being convicted of a disqualifying offense during that time period." RCW 9A.44.140(2).

A trial court may suspend an offender's felony sentence—on the condition that the offender complete requirements set by the court—if the offender committed the felony before July 1, 1984. RCW 9.92.060(1); RCW 9.92.900. During the suspension of their sentence, an offender remains under the jurisdiction of the trial court and DOC for that particular cause number. *See State v. Kistner*, 105 Wn. App. 967, 971, 21 P.3d 719 (2001) (stating that DOC or the trial court may impose sanctions when an offender has violated the terms of their suspended sentence). The trial court is required to set a defined date at which the suspended sentence ends, which must be "no later than the time the original sentence would have elapsed." RCW 9.92.064. "Prior to the entry of an order formally terminating a suspended sentence the court may modify the terms and conditions of the suspension or extend the period of the suspended sentence." *Id.*

*B. Application*

Merrill was convicted of a class B felony sex offense in 1985 that he committed prior to July 1, 1984. Accordingly, Merrill would have been required to register as a sex offender if he was in state custody or under DOC jurisdiction after July 28, 1991. Merrill asserts that there is not

5

sufficient evidence that he was under DOC jurisdiction in 1991 because the 1985 J&S did not clearly state that his sentence was suspended past 1990. We disagree.

i. Standard of review

As an initial matter, the parties are incorrect in their assertion that the interpretation of the 1985 J&S is a factual matter that we must view in the light most favorable to the State. The interpretation of the J&S is a threshold question of law that we review de novo, not a factual determination that is subject to deference. The supreme court's opinion in *State v. Miller*, 156 Wn.2d 23, 30-31, 123 P.3d 827 (2005), explains this distinction. In *Miller*, the court held that the validity of a no-contact order, which is a necessary pre-condition to a finding that a no-contact order was violated, is a preliminary question of law for the trial court to determine rather than an element of the crime to be evaluated by the trier of fact. *Id.* This is so, the court held, because the jury does not have the requisite expertise to determine questions of law. *Id.* at 31. Here, the parties dispute the meaning of the language and provisions of the 1985 J&S. As in *Miller*, this is a question of law we review de novo.[3]

For the reasons explained below, we hold that the trial court did not err in its interpretation of the J&S.

ii. Merrill's 1985 J&S

Merrill's 1985 J&S indicates that the trial court imposed a 10-year sentence, which was the maximum available term, but suspended his sentence based on RCW 9.92.060. The suspension

---

[3] Merrill acknowledged during his closing argument that whether he had a duty to register under the 1985 J&S was a threshold legal question for the court to determine.

of the sentence was subject to multiple conditions. One of those conditions was that Merrill was required to serve a five-year term of probation.

Although somewhat unclear, Merrill appears to argue that the State failed to prove he was under DOC jurisdiction after 1990 because, first, the State did not prove that the trial court did not terminate his suspended sentence before the expiration of 10 years; and second, the State failed to prove that he served 5 years in prison.

As to the former contention, Merrill cites *State v. Robinson*, 142 Wn. App. 649, 653, 175 P.3d 1136 (2008). The issue in *Robinson* was whether the occasions during which the defendant absconded from supervision during the period of his suspended sentence tolled the term of the suspension. *Id.* Division Three of this court held that the suspended sentence was tolled during the periods of absconsion. *Id.* As part of its recitation of the facts, the opinion stated that Robinson "was sentenced to 10 years in prison, suspended with conditions. Mr. Robinson's suspended sentence was to terminate 10 years from the date of sentencing." *Id.* at 651. Later, the court stated, "Mr. Robinson received a suspended sentence on August 10, 1984 with a 10–year termination date (August 9, 1994)." *Id.* at 653.

It is unclear why Merrill believes *Robinson* supports his claim. Here, as in *Robinson*, the court sentenced Merrill to a 10-year suspended sentence. To the extent Merrill believes it is significant that Robinson's J&S may have contained a fixed termination date of the suspended sentence, Merrill does not explain why that fact negates a finding in this case that the term of

Merrill's suspended sentence was 10 years. Indeed, Merrill's J&S explicitly fixed the term of his suspended sentence at 10 years.[4]

The State would have no way of showing that Merrill's suspended sentence ended earlier than the 10-year mark because it clearly did not. If Merrill is arguing that the sentencing court's failure to place a *specific date* on which the suspended sentence would terminate somehow means that the suspension must have ended early, this is nonsensical reading of the record and Merrill cites no apposite authority that would compel such a reading.

Merrill's second argument is equally unpersuasive. He argues that insufficient evidence supports the State's contention at trial that Merrill served five years in prison, or that he served any time in prison at all. But this fact, even if proven by the State, is wholly irrelevant. The maximum sentence the court could impose was 10 years. Whether the sentence was structured in such a way that five years of that term was to be served in prison with five years suspended, or that all 10 years were to be suspended, that would not change the end date of the suspended sentence. The maximum allowable time available to the sentencing court was 10 years, irrespective of how the sentence was structured. Merrill's J&S plainly reflects a suspended sentence of 10 years.

In applying the plain language of the J&S, we agree with the State that the end of Merrill's suspended sentence occurred no earlier than 10 years from the date of his sentencing. As such,

---

[4] We further note it is not even clear that Robinson's J&S actually contained a specific termination or whether the termination date was merely *calculated* by the appellate court. And Robinson's *original* sentence termination date played no role in the issues on appeal.

Merrill was under the jurisdiction of DOC on July 28, 1991, and was required to register as a sex offender as a result.[5][6]

## II. TEXAS FELONY AS DISQUALIFYING OFFENSE

Merrill also assigns error to the trial court's conclusion that his out-of-state conviction from 1999 was a "[d]isqualifying offense" under RCW 9A.44.128(4), thus extending Merrill's sex offender registration requirement beyond 15 years after his date of conviction. He argues that RCW 9A.44.128(4) unambiguously includes only Washington felonies, and any reading of that statute that would include out-of-state felonies renders the statute ambiguous.

The State responds that RCW 9A.44.128(4) unambiguously includes a conviction of any felony, including out-of-state felonies. Again, we agree with the State.

*A. Legal Principles*

We review issues of statutory interpretation de novo. *State v. Valdiglesias LaValle*, 2 Wn.3d 310, 317, 535 P.3d 856 (2023). Our goal when interpreting a statute is to determine and

---

[5] The State cites *State v. Davis*, 56 Wn.2d 729, 731, 355 P.2d 344 (1960) to support its claim that Merrill was under the jurisdiction of DOC for the full maximum amount of time that the 1985 court was permitted to suspend his sentence (10 years). *Davis* does not support the State's argument, however, because it relies on outdated caselaw which allowed trial courts to revoke suspended sentences even though more time had transpired than the length of the offender's sentence; this practice is no longer permitted. RCW 9.92.064. We instead rely on the plain language of Merrill's J&S.

[6] The State points out that Merrill did not assign error to the trial court's findings of fact on appeal, and one of the findings of fact states that by " 'September 6, 1990 . . . there was jurisdiction after that point and thus a duty to register." Br. of Resp't at 14 (alteration in original) (quoting Clerk's Papers at 120). However, it seems that this is a conclusion of law, not a finding of fact, because the issue of when DOC jurisdiction exists under a J&S is a question of law, as we addressed *supra*. "[A]ny conclusion of law erroneously denominated a finding of fact will be subject to de novo review." *Robel v. Roundup Corp.*, 148 Wn.2d 35, 43, 59 P.3d 611 (2002). Thus, we continue with our analysis.

effectuate the legislature's intent. *Id.* at 317-18. We first evaluate the plain meaning of the statute, as the statute's plain language is "an expression of legislative intent." *Id.* at 318.

Courts discern the plain meaning of a statute by considering "the text, the context of the statute, related statutory provisions, and the statutory scheme as a whole." *Id.* We assume that an undefined term is given its ordinary meaning unless the legislature has indicated otherwise. *Id.* "Statutes must be read together to achieve a harmonious total statutory scheme maintaining the integrity of the respective statutes." *State v. Jones*, 172 Wn.2d 236, 243, 257 P.3d 616 (2011). We use a "literal and strict interpretation" when evaluating a criminal statute. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). "We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language[,]" but rather "assume the legislature 'means exactly what it says.' " *Id.* (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 964, 977 P.2d 554 (1999)).

If, after conducting a review of the statute's plain language, the statute is susceptible to more than one reasonable reading, the statute is ambiguous. *Valdiglesias LaValle*, 2 Wn.3d at 318. The court may then discern legislative intent using " 'statutory construction, legislative history, and relevant case law.' " *Id.* (internal quotations marks omitted) (quoting *State v. Haggard*, 195 Wn.2d 544, 548, 461 P.3d 1159 (2020)). If, after this consideration, the ambiguity cannot be resolved, we apply the rule of lenity. *State v. Evans*, 177 Wn.2d 186, 193, 298 P.3d 724 (2013).

B. Application

In 1999, Merrill was convicted in Texas for possession of less than a gram of cocaine, which is a "state jail felony" in Texas. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115

(West 2023).[7] Pursuant to RCW 9A.44.140(2), Merrill's duty to register as a sex offender would have ended 15 years after the entry of his 1985 J&S as long as he did not commit a "[d]isqualifying offense" during that period. RCW 9A.44.128(4) defines the term "[d]isqualifying offense" for purposes of the sex offender registration statutes (RCW 9A.44.130-.145):

> "Disqualifying offense" means a conviction for: Any offense that is a felony; a sex offense as defined in this section; a crime against children or persons as defined in RCW[ ] 43.43.830(7)[8] and 9.94A.411(2)(a); an offense with a domestic violence designation as provided in RCW 10.99.020; permitting the commercial sexual abuse of a minor as defined in RCW 9.68A.103; or any violation of chapter 9A.88 RCW.

The general definitions section of chapter 9A.44 RCW does not define the terms "offense" or "felony." *See* RCW 9A.44.010. Nor does RCW 9A.44.128 define "offense" or "felony."

Merrill asks us to hold that his 1999 Texas conviction for possession of less than a gram of cocaine was not a disqualifying offense because the meaning of "any offense that is a felony" unambiguously excludes out-of-state felonies. Merrill argues that the statute's failure to expressly state that "any offense that is a felony" includes out-of-state felony offenses necessarily evinces an intent to *exclude* such offenses. He contends that the legislature would have said "any felony," rather than "any offense that is a felony," had it intended to include out-of-state felonies, and the terminology " 'any offense that is a felony' is an odd way of incorporating out-of-state criminal

---

[7] TEX. HEALTH & SAFETY CODE ANN. §§ 481.102 and 481.115 have been amended since Merrill's 1999 conviction. Because these amendments do not affect our analysis, we cite to the current version of the statute. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (West 2023), *with* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (West 1997); *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2023), *with* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 1993).

[8] Former RCW 43.43.830(7), defining crimes against children or persons, has been recodified as RCW 43.43.830(9). Former RCW 43.43.830(7) (2019), *recodified as* RCW 43.43.830(9).

history if the legislature's intent was to include it." Br. of Appellant at 22-23. Merrill then concludes that the term "any offense that is a felony" was clearly meant to include only juvenile adjudications, because adjudications are not considered "convictions." *Id.* at 23. Merrill does not explain, however, why the legislature would not have simply listed juvenile adjudications for felony offenses in the statute if that was the legislature's intent.

Merrill also points to other statutes in which the legislature specifically delineated out-of-state felonies, such as the offender scoring statute for sentencing (RCW 9.94A.525(3)), the statute that sets the level of punishment for failure to register as a sex offender as a class C felony when the offender has been convicted of failure to register in this state or pursuant to the laws of another state or federal law (RCW 9A.44.132(1)(a)(ii)), and the definitions statute for chapter 9.41 RCW which defines "[f]elony" as "any felony offense under the laws of this state or any federal or out-of-state offense comparable to a felony offense under the laws of this state." RCW 9.41.010(17). Merrill contends that these other statutes, which each deal with different matters the legislature was attempting to regulate, necessarily lead to the conclusion that in order for the term "any offense that is a felony" to include non-Washington felonies, the legislature would have needed to pointedly articulate that intent because it is aware of how to do so.

The State responds that Merrill's argument is "contrived and unsupported by the statutory language," noting that the legislature "knows how to expressly limit or exclude out-of-state history when it intends to." Br. of Resp't at 22. The State further notes that if the legislature had intended for "any offense that is a felony" to merely include juvenile adjudications it could have done so expressly, but instead opted for the "broad phrase 'any offense that is a felony.' " *Id.*

We agree with the State. In examining the plain language of the statute, the definition of "disqualifying offense" contains six categories. The first category is any offense that is a felony, and the remaining five categories encompass specific offenses that may be felonies or may be gross misdemeanors or misdemeanors. This shows the legislature's clear intent to sweep some gross misdemeanor and misdemeanor convictions into the class of offenses that may extend an offender's sex registration requirement rather than limit "disqualifying offenses" to felony convictions only. Notably, the gross misdemeanors and misdemeanor[9] included in RCW 9A.44.128(4) all contain a violence, domestic violence, or sexual predation component. The "any offense that is a felony" category contains no such limitation. This reflects the legislature's view that whereas only certain misdemeanor and gross misdemeanor offenses are serious enough to warrant extension of the sex offender registration requirement, *any* felony offense, irrespective of its elements, is serious enough to warrant this extension. This could include any felony ranging from forgery, RCW 9A.60.020, to unlawful issuance of bank checks, RCW 9A.56.060,[10] neither of which has anything to do with sexual predation.

We are unpersuaded that the term "[a]ny offense that is a felony," as used in RCW 9A.44.128(4) is susceptible to more than one *reasonable* interpretation. If we adopted Merrill's proposed interpretation, an offender could be convicted of a felony sexual assault in another state and not have that offense count as a "disqualifying offense" for purposes of the sex offender

---

[9] RCW 9A.44.128(4) includes any offense "with a domestic violence designation as provided in RCW 10.99.020." Under RCW 10.99.020(4), the only crime to which a domestic violence designation can be applied that is a misdemeanor, as opposed to a gross misdemeanor or felony, is criminal trespass in the second degree. RCW 10.99.020(4)(xi); RCW 9A.52.080.

[10] Unlawful issuance of bank checks is a class C felony when the draft is in an amount greater than $750. RCW 9A.56.060(4).

registration scheme. In seeming recognition of this absurdity, Merrill asks us to read a comparability requirement into RCW 9A.44.128. But we are prohibited from adding such language to a statute that can be reasonably interpreted based on its plain language. We are required to give criminal statutes "a literal and strict interpretation," and to refrain from inserting language into an unambiguous statute. *Delgado*, 148 Wn.2d at 727.[11]

We hold that RCW 9A.44.128(4) is not ambiguous. But even if it were, the legislative intent behind the sex and kidnapping offender registration scheme demonstrates that the legislature enacted this scheme out of concern for public safety, stating:

> The legislature finds that sex offenders often pose a high risk of reoffense, and that law enforcement's efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders who live within the law enforcement agency's jurisdiction. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by regulating sex offenders by requiring sex offenders to register with local law enforcement agencies as provided in [LAWS OF 1990, ch. 3, § 402] of this act.

LAWS OF 1990, ch. 3, § 401.

In light of this legislative intent, it is not unreasonable for the legislature to have determined that a sex offender's commission, in another state, of an offense defined as a felony in that state, indicates a disregard of the law by the offender concerning enough to warrant extension of the offender's Washington sex offender registration requirement.

---

[11] The State points us to our unpublished decision in *State v. Nelson*, No. 68441-8-I, slip op. at 7 (Wash. Ct. App. July 29, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/684418.pdf, in which we held that Nelson committed a disqualifying offense under RCW 9A.44.128(4) when he was convicted of failure to register as a sex offender in Illinois, where failure to register is a felony offense. The State cites *Nelson* as persuasive authority under GR 14.1.

No. 60521-0-II

We hold that the trial court did not err in concluding that Merrill's 1999 felony offense in Texas was a "disqualifying offense" that extended his registration requirement and affirm Merrill's conviction.

CONCLUSION

The trial court did not err by concluding that Merrill was under DOC jurisdiction on July 28, 1991, necessitating Merrill's requirement to register as a sex offender. Further, the trial court did not err by treating Merrill's 1999 Texas felony conviction as a "disqualifying offense because the language "[a]ny offense that is a felony" in RCW 9A.44.128(4) is not ambiguous. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

PRICE, A.C.J.

GLASGOW, J.

15